# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SAPIANO, BOYS AND GIRLS GUIDE, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>MILLENNIUM ENTERTAINMENT DOES 1 - 10,<br><br>Defendants. | Case No.:  CV 12-8122 PSG (MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Joint Stipulation and Protective Order ("Stipulation") filed on May 21, 2013, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 1, 7, and 14 of the Stipulation.

      The parties are expressly cautioned that the designation of any information, document, or thing as Confidential, Confidential Information, Attorneys Only

Information, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential, Confidential Information, Attorneys Only Information, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The Court has stricken their stipulated good cause statement, because a specific showing of good cause or compelling reasons (see below) for filing under seal, **with proper evidentiary support and legal justification**, must be made with respect to each document or item designated as Confidential, Confidential Information, Attorneys Only Information, or other designation(s) used by the parties, which a party seeks to have filed under seal. ] The parties' mere designation of any information, document, or thing as Confidential, Confidential Information, Attorneys Only Information, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence**

**supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible. Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## TERMS OF THE PROTECTIVE ORDER

1. **Framework and scope of order**.

   (a) Absent further Court order, this Protective Order governs all discovery in this action and all material which a producing party has designated as confidential in this action;

   (b) All material produced during discovery in this action, whether in documents, depositions, or otherwise, will be used solely for the purposes of this action and not for any other purpose, including any business purpose, and will not be used or disclosed outside the context of this action; however, the parties contemplate a separate agreement regarding the use of such material in any action with which this action may be consolidated, or in any action involving related claims or defenses, so as to minimize or eliminate duplicative discovery;

///

///

(c)     Any person receiving confidential material shall not disclose that material to any person, except a person authorized to receive the material pursuant to this Protective Order, and shall make such disclosure only in strict compliance with this Protective Order;

(d)     Any person providing its confidential material retains the right to disclose the material by waiving the restrictions in this Protective Order for a particular purpose or use; and

(e)     The use of any confidential material for the purpose of any hearing or trial which is open to the public is not addressed in this Protective Order, and will be the subject of future agreement or Court order as the need may arise and the Court may decide.

2.     **Definition of Confidential Material.**  This Protective Order shall govern, and shall be applied on a narrowly-tailored basis to protect, only documents, materials, items, or information that materially consist of information that is entitled to confidential treatment under existing California law (hereinafter "confidential material"), such as trade secrets defined by California Civil Code § 3426.1, financial information, personal information implicated or otherwise protected by article I, section 1 of the California Constitution, or information submitted to a governmental office but subject to a public policy of confidentiality.  For the purpose of this Protective Order, "confidential material" means any information of any kind which is designated as confidential in the manner specified in this Protective Order by the party supplying the information, and all copies of such designated material.  Confidential material may be contained in documents produced, testimony in depositions, exhibits, interrogatory answers, responses to requests for admissions, briefs, or otherwise.  Confidential material under this Protective Order consists of two categories, "Confidential Information," and "Attorneys Only Information." Any materials which reproduce, paraphrase, summarize, or otherwise contain confidential

material are also confidential in the same category as the original material. "Attorneys Only Information" is information which, if disclosed to the receiving party, might cause competitive harm to the designating party including, but not limited to, technical and/or research and development data, intellectual property, financial, marketing and other sales data, and/or information having strategic commercial value pertaining to the designating party's trade or business. The designation of "Attorneys Only Information" is intended to apply only to information that is not adequately protected by a "Confidential" designation, because the receiving party could reasonably gain an unfair competitive advantage from the use of such information. Before designating any specific information "Attorneys Only Information," the designating party's counsel shall make a good faith determination that the information warrants such protection.

3. **Authorized Persons.** Except for the rights retained in paragraph 1(d) above, access to Confidential Information is restricted to the following authorized persons, and access to Attorneys Only Information is restricted to the persons described in this Paragraph 3, subdivisions 3(a) and 3(c)-(g), inclusive:

(a) Attorneys of record (including attorneys designated in pleadings as "of counsel") in this lawsuit and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(b) The individual parties and as to corporate parties the managing agents who are involved in this lawsuit, along with their investors, potential investors, creditors, potential creditors, and entities to whom they are required to report revenues (including, but not limited to, the Screen Actors Guild);

(c) Independent persons retained by a party or its attorneys of record in this action to assist in the preparation of this action for trial (such as independent experts, economists, accountants, expert witnesses, and other consultants, and the necessarily involved employees of such persons);

(d) This Court and its employees;

  (e) Court reporters transcribing testimony taken in this action and notarizing officers;

  (f) As to any document containing confidential material, the person who generated the material or authored the document or was an addressee of the document is an authorized person with respect to that document in the context of deposition testimony or interrogatories addressed to that party; and

  (g) Mediator Phil Davis (the mediator who the parties have agreed will mediate the dispute) and employees of Mr. Davis to whom it is necessary that the material be shown for purposes of this litigation.

 **4.** **Designating Confidential Material.**  Each document which contains confidential material in the "Attorneys Only Information" category shall be prominently marked with the designation "Attorneys Only Information" or a similar designation.  All other documents containing confidential material shall be marked prominently "Confidential Information" or "Confidential".  The markings apply to documents produced, exhibits, discovery requests and responses, motion papers, and all other documents which reproduce, paraphrase, summarize, or otherwise contain confidential material.

 **5.** **Depositions.**  Counsel for any party or for a witness may orally on the record designate deposition testimony or exhibits as confidential material during the course of a deposition.  All depositions shall be treated in their entirety as Attorneys Only Information for a period of 21 days after receipt of the transcript.  During that 21-day period, counsel for any party or for a witness may designate portions of the deposition as Attorneys Only Information or Confidential Information by listing the page and lines of those portions so considered and advising all counsel of record of that designation.  Any deposition exhibit or testimony portion so designated shall not be filed with the court except in accordance with paragraph 6 of this Protective Order.  The parties contemplate a further order to address the issue of examining a deposition witness with respect

to documents or information within the scope of this Protective Order.

6. **Filing Confidential Material With the Court.**  Any party seeking to file documents under seal with the court shall comply with the provisions of Local Rule 79-5.1.

7. **Authorized Person Acknowledgment.**  Before disclosing confidential material to any authorized person -- except to an attorney of record, this Court and its employees, or the Court reporters transcribing testimony taken in this action and notarizing officers -- counsel for the party making such disclosure shall provide each such person with a copy of this Protective Order, shall advise each such person not to disclose any Attorneys Only Information or Confidential Information material to any other person and that violation of this Protective Order **may** subject such person to the sanctions of this Court, and each such person shall agree in writing to comply with the terms of this Protective Order in the form of Exhibit A to this Protective Order.  The original acknowledgments shall be maintained by the attorney for the party who designated such person.

8. **Discovery From Third Parties.**  When documents, testimony, or other material is sought in discovery in this action from a person (including any business entity) who is not a party, any party who has a claim of confidentiality may designate certain documents or a category of documents, and certain testimony, as Attorneys Only Information or Confidential Information under this Protective Order, and the person from whom discovery is sought may similarly make such a designation.  Documents and material so designated shall be treated under the provisions of this Protective Order.  Any and all documents produced in response to a third-party or non-party subpoena issued by one party shall be provided to the other party for review and designation of either "Confidential Information" or "Attorneys Only Information."

9. **Protection of Confidential Material.**  No copies of any confidential

material shall be made except to the extent necessary for this lawsuit. All copies of confidential material shall be kept in secure areas at the offices of outside counsel or persons of the kind described in paragraph 3 or in the personal custody and control of such persons.

**10.** **Customer Contact.** The identity and contact information of the customers of the parties to this action are and shall remain confidential. No party shall initiate contact with the customers of any other party in reliance on any identification or contact information produced in this action, except for the narrow purposes of this litigation or service of process.

**11.** **Client Consultation.** Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated unless permitted hereunder, agreed upon by the parties, or authorized by the Court.

**12.** **Challenging a Designation.** Any party may challenge at any time the propriety of a designation of material as Attorneys Only Information or Confidential Information. Before such a challenge is made, the parties shall attempt to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved on an informal basis, any challenge to the propriety of a designation shall be made pursuant to the provisions of Local Rule 37. In making or opposing any motion relating to the designation of confidential information, the party seeking to maintain a document as confidential shall bear the burden of showing that specific prejudice or harm will result if no protective order is granted.

**13.** **No Admission.** The designation by a disclosing party of material as Attorneys Only Information or Confidential Information is intended solely to

facilitate the preparation and trial of this action. Such designation is not an admission by any party that the designated disclosure constitutes or contains any confidential material. Disclosure of confidential material is not a waiver of any right of the producing party to object to admissibility.

14. **Conclusion of Action.** Upon the final determination of this action, all documents, transcripts of testimony, discovery responses, and other papers subject to the provisions of this Protective Order, which the Court **has** deemed **to be** confidential material for good cause **or compelling reasons shown** prior to the commencement of trial, shall be delivered by counsel for the receiving party to counsel for the producing party or it shall be destroyed, and counsel for the receiving party shall certify in writing to the producing party that all such documents have been destroyed. All copies of summaries, memoranda, and notes reflecting the contents or substance of such documents shall either be delivered or destroyed as described above. The provisions of this Protective Order or any other order entered in this action restricting the disclosure or use of confidential material shall continue to be binding at the conclusion of this action.

Dated: July 17, 2013

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

<u>ACKNOWLEDGMENT CONCERNING MATERIAL
COVERED BY A PROTECTIVE ORDER ENTERED
IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA</u>

The undersigned hereby acknowledges that he/she has read the attached Protective Order entered in the United States District Court, Central District of California, in the action entitled *Sapiano, et al. v. Millennium Entertainment*, Case CV12-8122 PSG (MANx), and understands the terms thereof and agrees to be bound by such terms.

Dated: _____

Signature:_____

Type or print name of

individual:_____